NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
DANIEL O. BLAU (Cal. Bar No. 305008)
Assistant United States Attorney
   Federal Building, Suite 7516
   300 North Los Angeles Street
   Los Angeles, California 90012
   Telephone: (213) 894-0165
   Facsimile: (213) 894-7819
   E-mail: Daniel.Blau@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN ALEXANDROV, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | No. SACV 18-01792 JVS (ADSx) <br><br> Hearing Date:  May 13, 2019 <br> Hearing Time:  1:30 p.m. <br> 411 West Fourth Street, Santa Ana, CA 92701, Ctrm. 10C <br><br> Hon. JAMES V. SELNA <br> United States District Judge |

1. DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;

2. MEMORANDUM OF POINTS AND AUTHORITIES.

**TABLE OF CONTENTS**

DESCRIPTION                                                                                           PAGE

NOTICE OF MOTION AND MOTION TO DISMISS ................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

I.     INTRODUCTION ............................................................................................ 1

II.    BACKGROUND .............................................................................................. 1

       A.     Statement of Facts ................................................................................. 1

       B.     Regulatory Background ........................................................................ 3

III.   ARGUMENT .................................................................................................... 3

       A.     Initiating removal proceedings has deprived this court of jurisdiction over Plaintiffs' claims ................................................................................ 3

              1.     There is no final agency action subject to review ............................. 3

              2.     Plaintiffs have not exhausted administrative remedies ..................... 5

              3.     Because there is no jurisdiction over Plaintiffs' APA claim, Plaintiffs also lack a claim for mandamus ........................................... 5

              4.     Plaintiffs have identified no waiver of sovereign immunity for their due process claim ............................................................................... 6

       B.     Plaintiffs have failed to state a claim because they are not entitled to adjudication of their NACARA application by USCIS ................................ 7

IV.    CONCLUSION ................................................................................................. 8

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on May 13, 2019 at 1:30 p.m., or as soon thereafter as they may be heard, Federal Defendants will, and hereby do, move this Court for an order dismissing the complaint. This motion will be made in the Ronald Reagan Federal Building and Courthouse before the Honorable James V. Selna, United States District Judge, located at 411 West Fourth Street, Santa Ana, CA 92701.

Federal Defendants bring the motion on the grounds of lack of subject matter jurisdiction due to the lack of final agency action (Federal Rule of Civil Procedure 12(b)(1)) and failure to state a claim (Federal Rule of Civil Procedure 12(b)(6)).

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on December 27, 2018, and continued thereafter.

Dated: April 3, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/
DANIEL O. BLAU
Assistant United States Attorney

Attorneys for Federal Defendants

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' action should be dismissed, as the Court currently lacks subject matter jurisdiction because there is no final agency action and Plaintiffs have unexhausted administrative remedies.

The Complaint seeks to compel the United States Citizenship and Immigration Services' ("USCIS") to adjudicate Plaintiffs' application to cancel removal under the relevant provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 309(c)(5)(C)(i), as amended by NACARA, § 203(2)(b), Pub. L. No. 105-100, 111 Stat. 2160 (1997) (found at 8 U.S.C. § 1101 note) (herein, "NACARA"). Compl. ¶ 46. However, on April 1, 2019, USCIS initiated new removal proceedings under 8 U.S.C. § 1229a for Plaintiffs by filing Notices to Appear with the Executive Office for Immigration Review. As USCIS has initiated removal proceedings, there is no final agency action for this Court to review, and Plaintiffs have an administrative forum in which to make their substantive arguments and seek the requested relief.

Because the Court lacks subject-matter jurisdiction over Plaintiffs' action, it should be dismissed under Rule 12(b)(1).

## II. BACKGROUND

### A. Statement of Facts[1]

Plaintiffs Adrian Alexandrov and Tzveta Alexandrova, a married couple, are nationals and citizens of Bulgaria. Compl. ¶¶ 4-5. Plaintiff Alexandrov first entered the United States in June 1990 pursuant to a lawfully issued non-immigrant visa. Id. ¶ 12. In November 1991 Plaintiff Alexandrov applied for asylum with the legacy Immigration

---

[1] Unless otherwise noted, the facts recited infra are derived from the non-conclusory allegations in the Complaint, which are accepted here solely for the purpose of this motion. To the extent this motion constitutes a factual attack on the Court's subject matter jurisdiction, the Court "need not presume the truthfulness of the plaintiffs' allegations," and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

and Naturalization Service ("INS"). Id. ¶ 13. INS assigned him Alien number #029-228-903. Id. An asylum officer from the Los Angeles asylum office interviewed Plaintiff Alexandrov and recommended a denial of the application for asylum due to the change of conditions in his home country. Id. In a letter dated September 21, 1992, the INS formally denied Plaintiff Alexandrov's asylum request. Declaration of Mallory L. Lynn ("Lynn Decl.") ¶ 3.

Plaintiffs left the United States, but then returned illegally around January 2002, and turned themselves in to Immigration and Customs Enforcement ("ICE"). Compl. ¶ 18. On or about April 19, 2002, ICE issued Notices to Appear charging Plaintiffs and their two minor sons as being subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). Id. ¶ 19. Thus began a lengthy procedural history as Plaintiffs challenged their removability by asserting eligibility for various forms of relief, including relief under NACARA. Id. ¶¶ 20-27.

In 2015, the Board of Immigration Appeals granted Plaintiffs' request to remand their proceedings to an Immigration Judge ("IJ") for the purpose of adjudicating Plaintiffs' eligibility for relief under NACARA. Id. ¶ 27. In 2016, Plaintiffs, of their own volition, moved the IJ to terminate removal proceedings and order USCIS to adjudicate Plaintiffs' eligibility for relief under NACARA. Id. ¶ 28. The Immigration Judge issued such an order terminating the removal proceedings and ordering USCIS to adjudicate Plaintiffs' NACARA eligibility. Id. However, USCIS has not adjudicated Plaintiffs' eligibility for relief under NACARA. Id. ¶¶ 30-31. The USCIS California Service Center has refused to accept Plaintiffs' application for NACARA, asserting that USCIS lacks jurisdiction to adjudicate Plaintiffs' applications. Id. ¶ 33; Lynn Decl. ¶ 4.

On October 3, 2018, Plaintiffs filed their Complaint, purporting to state causes of action for mandamus, for violation of the Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA"), and for violation due process under the Fifth Amendment. Compl. ¶¶ 41-74. At bottom, Plaintiffs demand the adjudication of their as-yet unfiled application for relief under NACARA. Id.

On April 1, 2019, USCIS initiated removal proceeding for Plaintiffs by filing Forms I-862, Notices to Appear before an Immigration Judge in Phoenix, Arizona. Lynn Decl. ¶ 5.

### B. Regulatory Background

Federal immigration regulations provide that USCIS "shall have initial jurisdiction to grant or refer to the Immigration Court or Board an application for . . . special rule cancellation of removal [under NACARA] filed by an alien described in § 240.61, provided . . . (3) In the case of an individual described in § 240.61(a)(2) or (3) [including, among others, nationals of the former Soviet Union], the individual's asylum application is pending adjudication by [USCIS.]" 8 C.F.R. § 240.62(a). In contrast to USCIS' limited jurisdiction to adjudicate NACARA applications, "[t]he Immigration Court shall have *exclusive* jurisdiction over an application for . . . special rule cancellation of removal filed pursuant to . . . NACARA, by an alien who has been served . . . Form I–862, Notice to Appear" 8 C.F.R. § 240.62(b) (emphasis added). Thus, where USCIS does not have jurisdiction because the individual is in removal proceedings before an immigration court, an IJ has jurisdiction to adjudicate a NACARA application regardless of whether that individual has an asylum application pending with USCIS. Id.

### III. ARGUMENT

### A. Initiating removal proceedings has deprived this court of jurisdiction over Plaintiffs' claims

#### 1. There is no final agency action subject to review

Under the APA, agency action is subject to judicial review only when it is either: (1) made reviewable by statute; or (2) a "final" action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. No statute authorizes judicial review over applications for relief under NACARA, so judicial review under the APA lies only if Plaintiffs challenge a "final" agency action for which there was no other adequate remedy. See Cabaccang v. U.S. Citizenship & Immigration Servs., 627 F.3d 1313, 1315 (9th Cir. 2010).

3

Cabaccang is controlling. In that case, the Ninth Circuit found that, in the immigration context, there was no final agency action subject to judicial review where removal proceedings are open. Id. In analyzing the issue of finality for purposes of APA review, the Court found that:

> The imposition of an obligation or the fixing of a legal relationship is the indicium of finality in the administrative process. Mount Adams Veneer Co. v. United States, 896 F.2d 339, 343 (9th Cir.1990). Here, this indicium is lacking. During their pending removal proceedings, the Cabaccangs have the right to renew their applications to adjust status. . . . They will have the opportunity to fully develop their arguments before the immigration judge (IJ). The IJ then has unfettered authority to modify or reverse USCIS's denial of the Cabaccangs' applications, regardless of USCIS's prior determination. See 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i) (granting "exclusive jurisdiction" over the issue to the IJ once removal proceedings are initiated). Thus, USCIS's denial of the Cabaccangs' applications is not yet a final agency action because of the Cabaccangs' right to renew their applications before the IJ.

Cabaccang, 627 F.3d at 1315–16 (9th Cir. 2010).

Here, Plaintiffs seek adjudication of their NACARA application. As in Cabaccang, USCIS has reinitiated removal proceedings. Lynn Decl. ¶ 5. Also as in Cabaccang, Plaintiffs will have the opportunity make their arguments to an Immigration Judge. An Immigration Court has jurisdiction to adjudicate Plaintiffs' NACARA application even though Plaintiffs have no asylum application "pending adjudication by [USCIS]". 8 C.F.R. § 240.62. Thus, as in Cabaccang, there is no "final agency action" subject to review. See also Bhasin v. Dept. of Homeland Sec., 413 Fed.Appx. 983, 985 (9th Cir. 2011) (concluding that USCIS's reopening of plaintiff's previously denied visa petition was not a final agency action subject to judicial review); Mamigonian v. Biggs, 710 F.3d 936, 942 (9th Cir. 2013) (district court lacked jurisdiction to review USCIS's

actions where it had not determined her pending adjustment-of-status application).

### 2. Plaintiffs have not exhausted administrative remedies

Plaintiffs' claims are also subject to dismissal for failure to exhaust administrative remedies. "Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." Cabaccang, 627 F.3d at 1316 (citing Reiter v. Cooper, 507 U.S. 258, 269 (1993)). This rule allows agencies to develop a complete factual record and apply their expertise before judicial review occurs. Id. Only in "exceptional circumstances" is administrative exhaustion not required. Id. "Until they have exhausted this available administrative remedy, the district court cannot hear their claim.' Id. at 1317.

In the instant case, the Plaintiffs may seek immigration benefits pursuant to NACARA before an Immigration Judge. Because the relief sought by Plaintiffs is available to them from the administrative process in Immigration Court, and that process is unexhausted, their claim is premature and the Court cannot hear their claim.

### 3. Because there is no jurisdiction over Plaintiffs' APA claim, Plaintiffs also lack a claim for mandamus

The court may issue a writ of mandamus if "(1) [plaintiff's] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986) (internal quotation marks omitted).

As the Ninth Circuit has recognized, "mandamus relief and relief under the APA are 'in essence' the same," and it has "elected to analyze [a mandamus] claim under the APA where there is an adequate remedy under the APA." R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir. 1997) (citations omitted); see also Taiebat v. Scialabba, No. 17–cv–0805–PJH, 2017 WL 747460, at *4 (N.D. Cal. Feb. 27, 2017) ("Relief under the mandamus act and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty") (citing Independence Mining Co.,

Inc. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997)).

Section 706(1) of the APA allows a court to compel "agency action unlawfully withheld or unreasonably delayed." R.T. Vanderbilt Company, 113 F.3d at 1065. Because Plaintiff has a similar remedy under the APA and the Court lacks jurisdiction over the APA claim, this "obviate[s] the need to consider the jurisdictional question posed under the Mandamus Act." Liu v. Chertoff, No. CV–06–1682–ST, 2007 WL 2435157, at *5 (D. Or. Aug. 29, 2007).

Nor is Plaintiffs' entitlement to adjudication of their NACARA application by USCIS "clear and certain," as required to obtain mandamus relief. As discussed, USCIS has no jurisdiction to adjudicate any benefit pursuant to NACARA through an application filed by Plaintiffs. 8 C.F.R. § 240.62.

Finally, Plaintiffs cannot demonstrate they lack an adequate alternative remedy. "Mandamus relief generally will not be granted where a court finds that an applicant has an adequate alternative remedy, such as an administrative appeal." Ragland, Mandamus Actions—no Adequate Alternative Remedy, 10 Bus. & Com. Litig. Fed. Cts. § 105:21 (4th ed. Dec. 2016); See also Shihuan Cheng v. Baran, No. CV 17-2001-RSWL-KSX, 2017 WL 3326451, at *8–9 (C.D. Cal. Aug. 3, 2017) (granting motion to dismiss APA and mandamus claims where administrative proceedings were unexhausted).

### 4. Plaintiffs have identified no waiver of sovereign immunity for their due process claim

Plaintiffs allege that USCIS's failure to adjudicate their application for relief under NACARA violates their Fifth Amendment due process rights. However, Plaintiffs must identify a waiver of sovereign immunity for such a claim. Where there is no final agency action, as here, there is "no basis for reviewing Plaintiffs' due process claim asserted in their Fifth Claim for Relief because neither the federal question statute, the Declaratory Judgment Act, or the Constitution contain waivers of sovereign immunity." Grondal v. United States, 682 F. Supp. 2d 1203, 1218 (E.D. Wash. 2010). Consequently, Plaintiffs' due process claims must be dismissed for lack of jurisdiction.

## B. Plaintiffs have failed to state a claim because they are not entitled to adjudication of their NACARA application by USCIS

Plaintiffs' claims are also subject to dismissal for failure to state a claim. Under the APA, the reviewing court must affirm the agency's determination unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Because USCIS has no duty to adjudicate Plaintiffs' application for relief under NACARA, "and indeed lacks the jurisdiction to do so, the Government is also entitled to judgment on [Plaintiffs'] claims brought pursuant to the APA." Singh v. U.S. Dep't of Homeland Sec., No. CV 11-325 PA SSX, 2013 WL 1246814, at *6 (C.D. Cal. Mar. 27, 2013), aff'd sub nom. Vukov v. U.S. Dep't of Homeland Sec., 561 F. App'x 648 (9th Cir. 2014).

Plaintiffs have also failed to state a claim for a deprivation of due process. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the [Fifth Amendment's] protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972). Plaintiff has not identified any such interest. Because the applicable regulations deprive USCIS of the jurisdiction to adjudicate the NACARA application, there can be no "colorable constitutional violation." See Martinez–Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir. 2005); Singh, 2013 WL 1246814, at *6 (no due process claim where plaintiff "has not been denied an opportunity to present his application").

///
///
///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, Federal Defendants respectfully request that Plaintiffs' complaint be dismissed with prejudice.

Dated: April 3, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   /s/
DANIEL O. BLAU
Assistant United States Attorney

Attorneys for Federal Defendants